UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                      Case No. 22-cr-20378

v.

                                      HON. THOMAS L. LUDINGTON

JEREMY ADAMS,                       United States District Judge

      Defendant.
_____

**DEFENDANT'S SENTENCING MEMORANDUM**

**I.    INTRODUCTION**

Defendant Jeremy Adams pled guilty to using the internet to make an interstate communication containing a threat, contrary to 18 U.S.C. § 875(c). He has received no criminal history points and only 12 points for his total offense level, resulting in a modest sentencing guideline range of 10 to 16 months. His timely guilty plea shows that he has accepted responsibility for his actions. And the government has agreed to recommend a sentence at the bottom end of the applicable guideline range.

Mr. Adams consented to detention and has been in federal custody since June 27, 2022. Prior to this case, he had never served a meaningful custodial sentence. The past year has been an earth-shaking wakeup call for him. Additional time behind

bars would serve no meaningful marginal benefit. Accordingly, Mr. Adams respectfully submits that the Court should consider sentencing him to time served.

## II. NATURE AND CIRCUMSTANCES OF THE OFFENSE

On July 20, 2022, a grand jury returned an indictment charging Mr. Adams with two counts of interstate communication containing a threat to kill or injure, through use of the internet, contrary to 18 U.S.C. § 875(c). (ECF No. 16, Indictment, PgID ## 33-35.)

The first count of the indictment alleged that Mr. Adams posted a communication on Twitter threatening to shoot his neighbor and the neighbor's family. (*Id*., PgID ## 33-34.) Mr. Adams and his neighbor had been involved in an ongoing dispute. In the Twitter post, Mr. Adams stated, "If there is an open opportunity to kill oppressors, I am going to take it." (Presentence Investigation Report, ¶ 18.)

The second count of the indictment alleged that in a different communication posted on Twitter, Mr. Adams threatened to kill a state court judge and make "pasties" out of the judge's wife. (ECF No. 16, Indictment, PgID ## 34-35.) The judge in question had previously denied a request from Mr. Adams for a personal protection order. (Presentence Investigation Report, ¶ 22.)

On March 20, 2023, Mr. Adams pled guilty to count I of the indictment. In exchange for his guilty plea, the government has agreed to dismiss count II. (ECF

No. 47, Plea Agreement, PgID # 117.)  He is scheduled to be sentenced on July 13, 2023, at 3:00 p.m.

**III.   HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Mr. Adams has lived a difficult life.  As a child, he was the victim of serious physical abuse.  His stepfather and his mother both sexually assaulted him, and his stepfather regularly beat him.  He also witnessed his stepfather dragging his mother around the house by her hair and his mother throwing knives at his stepfather.

Despite his traumatic childhood and the pervasive presence of abuse in his life, Mr. Adams still managed to graduate from high school.  He served in the military for a short time and later became a truck driver.  Approximately ten years ago, however, he was involved in a serious traffic accident which effectively ended his career as a trucker.  He suffered significant and lasting injuries to his neck, back and shoulders, and has undergone multiple corrective surgeries.

Both Dr. Harold Sommerschield and Dr. Drew Miller interviewed Mr. Adams in connection with this case.  Each concluded that Mr. Adams suffers from Delusional Disorder, Persecutory Type.  Dr. Sommerschield noted that his traumatic childhood predisposed him to having trust issues and perceiving people as being against him.  Mr. Adams also struggles with severe anxiety and depression.  Dr. Sommerschield asserted that he would benefit more from psychiatric treatment and psychological counseling than he would from incarceration.

## IV.  A SENTENCE OF TIME SERVED WOULD BE SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO ACHIEVE THE GOALS OF THE SENTENCING REFORM ACT

To be sure, there is a compelling need for the Court's sentence to deter and promote respect for the law.  Online threats typically cause victims to suffer distress and require attention from law enforcement agencies.  Although Mr. Adams has no history of violent or assaultive conduct and maintains that he had no intention of carrying out his threats, they were troubling enough to warrant a response from an FBI SWAT team.

Still, Mr. Adams has been in federal custody since June 27, 2022, and his sentencing guideline range is 10 to 16 months.  (Presentence Investigation Report, ¶ 98.)  A sentence of time served would fall roughly in the middle of the applicable range.  Having spent the last year in custody has had—and will probably continue to have—a powerful impact on Mr. Adams.  Prior to this, he had never served any meaningful period behind bars.

Mr. Adams's pretrial detention in this case will likely leave a lasting impression and cause him to think long and hard about the potential consequences before posting more threatening communications on social media.  Additional incapacitation is unnecessary.  A shift from incarceration to structured supervision with psychiatric and psychological treatment would benefit both Mr. Adams and the community at large.

4

## V.   CONCLUSION

For the foregoing reasons, Mr. Adams respectfully requests that the Court sentence him to time served.

s/Christopher J. McGrath<br>
Attorney for Jeremy Adams<br>
503 South Saginaw Street<br>
Suite 715<br>
Flint, Michigan 48502<br>
(810) 238-8540<br>
mcgrathtph@aol.com

Dated: July 6, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Assistant United States Attorney Timothy M. Turkelson, 600 Church Street, Room 210, Flint, Michigan 48502.  I further certify that on the same date, I forwarded a copy of the foregoing paper to United States Probation Officer Keith M. Stotts at the following email address: keith_stotts@miep.uscourts.gov.

s/Christopher J. McGrath<br>
Attorney for Jeremy Adams<br>
503 South Saginaw Street<br>
Suite 715<br>
Flint, Michigan 48502<br>
(810) 238-8540<br>
mcgrathtph@aol.com

Dated: July 6, 2023