UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                           Case No. 1:22-cr-20378

v.                                            Honorable Thomas L. Ludington
                                                United States District Judge

JEREMY ADAMS,

       Defendant.
_____/

**STIPULATED PRELIMINARY ORDER OF FORFEITURE**

Plaintiff, by and through its undersigned attorneys, together with Defendant Jeremy Adams, by and through his attorney, Christopher McGrath, submit this Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following.

Having reviewed Defendant's guilty plea to Count I of the Indictment, interstate communication containing threat to kill or to injure through use of the internet, 18 U.S.C § 875(c), this Stipulation, the entire record, 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Criminal Rule 32.2:

It is **ORDERED** that Defendant shall forfeit to the United States all right, title, and interest he may possess in any firearms and ammunition involved in, or intended to be used in the offense, including, but not limited to the following:

- Glock, Model 17, 9mm caliber, Serial Number: BAGV374;
- Glock, Model 23, .40 caliber, Serial Number: ZVA746;
- Glock, Model 34, 9mm caliber, Serial Number: BDGL182;
- Glock, Model 42, .380 caliber, Serial Number: ABHH404;
- Bond arms Ranger II, 45mm caliber, Serial Number: 156014;
- Ruger Mark IV, .22 caliber, Serial Number: 401042982;
- arex SLOVENIA, Zero 1, 9mm caliber, Serial Number: A02222;
- LWRC M6IC, 5.56mm NATO, Serial Number: 24-04973;
- LWRC M6IC-SPR, 5.56mm NATO, Serial Number: 24-01583;

- Approximately 374 rounds of 12 gauge ammunition;
- Approximately 1,775 rounds of 9mm ammunition;
- Approximately 1,600 rounds of .40 caliber ammunition;
- Approximately 850 rounds of .380 caliber ammunition;
- Approximately 515 rounds of 308 caliber ammunition; and
- Approximately 550 rounds of 5.56 caliber ammunition.

(collectively referred to as the "Subject Property").

Further, it is **ORDERED** that the Subject Property is **FORFEITED** to the United States under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) for disposition according to law,

Further, it is **ORDERED** that any right, title, or interest that Defendant or his heirs, successors, or assigns have or may have in the Subject Property is **FOREVER EXTINGUISHED**, because this Court finds that there is a sufficient nexus between the Subject Property and the offense to which Defendant pleaded guilty.

Further, it is **ORDERED** that in entering into this Stipulated Preliminary Order of Forfeiture Defendant **WAIVES** his right to have a jury determine the forfeitability of his interest in the Subject Property under Criminal Rule 32.2(b)(5) because he knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Further, it is **ORDERED** that under Criminal Rule 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become **FINAL** as to Defendant at sentencing and that the forfeiture of the Subject Property shall be made part of Defendant's sentence and be included in his Judgment. Defendant's counsel, Christopher McGrath, affirms that he has discussed forfeiture of the Subject property with Defendant and that Defendant consents to the entry of an order forfeiting his interest in the Subject Property. Defendant further acknowledges that he understands that forfeiture of assets is part of the sentence that may be imposed on him in this case and waives his rights to

challenge any failure by this Court to advise him of this under Criminal Rules 11(b)(1)(J), 32.2, and 43(a) or otherwise when his guilty plea was accepted and when his sentence is pronounced by this Court.

Further, it is **ORDERED** that upon entry of this Order, the United States, its designee, the Federal Bureau of Investigation, and the United States Marshals Service are **AUTHORIZED** under Criminal Rule 32.2(b)(2), (3) to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties. Under 21 U.S.C. § 853(n), Criminal Rule 32.2, and other applicable rules, the United States is **DIRECTED** to publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least 30 consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity appearing to be a potential claimant with standing to contest the forfeiture in an ancillary proceeding. Such notice shall direct that any person other than Defendant who is asserting a legal interest in any of the Subject Property must file a petition with this Court within 30 days of the earlier of either the final date of publication of notice or receipt of actual notice. The petition shall be for a hearing before this Court, without a jury, and under 21 U.S.C. § 853(n) to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any such petition filed by a third party must be signed by the petitioner under penalty of perjury and set forth the nature and extent of the petitioner's alleged right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in it, any additional facts supporting the petitioner's claim, and the relief sought.

Further, it is **ORDERED** that, after the disposition of any motion filed under Criminal Rule 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct

discovery under the Civil Rules upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

Further, it is **ORDERED** that if no third party files a timely petition for any of the Subject Property before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture under Criminal Rule 32.2(c)(2).

Further, it is **ORDERED** that if a third party files a timely petition for an ancillary hearing regarding any of the Subject Property, then this Court shall enter a final order of forfeiture by amending this Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Criminal Rule 32.2(c)(2).

Further, it is **ORDERED** that under 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property and be authorized to dispose of the Subject Property as prescribed by law following either this Court's disposition of any petitions for an ancillary hearing or the expiration of the period provided in 21 U.S.C. § 853(n)(2) for filing such a petition if no such petitions are filed.

Further, it is **ORDERED** that this Court shall retain jurisdiction to enforce this order and to amend it as necessary under Criminal Rule 32.2(e).

Dated: July 13, 2023

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

- 5 -

Approved as to form and substance:

Dawn N. Ison
United States Attorney

<u>S/Adriana Dydell</u>
Adriana Dydell (CA 239516)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9125
Adriana.Dydell@usdoj.gov

Dated: July 10, 2023

<u>S/Christopher McGrath (with consent)</u>
Christopher McGrath
Counsel for Jeremy Adams
503 South Saginaw Street, Suite 715
Flint, MI 48502
(810) 238-8540
mcgrathph@aol.com

Dated: July 12, 2023

******************************